ELIZA A. TOLMAN vs. GEORGE M. HOBBS et als.

Hancock.   Decided June 12, 1878.

*Tax.*

The proceedings which work a forfeiture of lands to the state for non-payment of taxes and the steps in making a sale by the state are to be construed strictly, in a controversy between a purchaser from the state and the original owner.

A record of the state treasurer that reads thus: "Previous to said sale, I caused notice of the time and place of sale, and lists of said tracts intended for sale, with the amount of said unpaid taxes, interest and costs, on each parcel, to be published three weeks successively as follows, viz: 1. In the Kennebec Journal, the state paper, a list of all said tracts. 2. In the Ellsworth American, a newspaper printed in the county of Hancock, a list of all said tracts which lie in that county," does not show that he published in such papers the amount of such taxes, &c., &c., but only a list of the lands taxed.

ON REPORT.

WRIT OF ENTRY, for Pickering's island, in the county of Hancock, and in Penobscot bay, near Little Deer island westerly of and contiguous to the town of Deer Isle; the declaration not stating whether or not it lies within the limits of any town.   The facts are stated in the opinion.

*C. A. Spofford & G. S. Peters*, for the plaintiff.

R. S. c. 6, § 42.   "Lands not exempted, and not liable to be assessed in any town, may be taxed by the legislature for a just proportion of all state and county taxes."

Sect. 46 provides that lands forfeited for non-payment of taxes may be advertised and sold, by the treasurer of the state.   The plaintiff has the deed of William Caldwell as state treasurer, dated September 4, 1872, a valid title, the evidence showing all statute requirements complied with.

*E. Hale & L. A. Emery*, for the defendants.

The plaintiffs should show that Pickering's island was, in the language of the statute, "not liable to be assessed in any town." It is not enough that the legislature assumed to lay a tax thereon. It is an inhabited island and likely to be one of those to which

Williamson refers in vol. 1, p. 74, of his History of Maine, as being probably included in the town of Deer Isle. " The terms plantation, town and township, seem to be used almost indiscriminately to indicate a cluster or body of persons inhabiting near each other." Shaw, C. J., in *Commonwealth* v. *City of Roxbury*, 9 Gray, 451, 485. Gray, C. J., uses similar language in *Lynn* v. *Nahant*, 113 Mass. 433, 447.

There is good reason in believing that Pickering's island was included in Deer island plantation when the town of Deer Isle was incorporated by the Massachusetts legislature. Act of January 30, 1789.

The court should take nothing for granted to prop up a tax title to a valuable island owned by the defendants and for which the plaintiff has paid but $19.59.

PETERS, J. It is claimed that the land in dispute was forfeited to the state for non-payment of taxes, and then sold by the state to the demandant. The proceedings creating such forfeiture and sale are to be strictly construed.

By § 46, c. 6, R. S., the state treasurer was required to publish in certain newspapers a list of the land to be sold, with the amount of the unpaid taxes, interest and costs, on each parcel, three weeks successively within three months before the time of sale.

The only evidence of his compliance with this requirement, is contained in the record of the treasurer's doings, a copy of which, by § 49 of chapter before named, is made *prima facie* evidence, in any court, of the facts set forth therein. The record declares thus : " Previous to said sale, and within three months therefrom, I caused notice of the time and place of such sale, and lists of said tracts intended for sale, with the amount of such unpaid taxes, interest and cost, on each parcel, to be published three weeks successively, as follows, viz : 1. In the Kennebec Journal, the state paper, a list of all said tracts. 2. In the Ellsworth American, a newspaper printed in the county of Hancock, a list of all said tracts which lie in that county."

This record asserts that a publication was made of the amount of the unpaid taxes, interest and cost, on each parcel; but does

not state where published. It states that the lists were published in the newspapers named, and there the statement stops. There is no positive and certain statement that anything else was advertised in them. This is not enough.

*Action to stand for trial.*

APPLETON, C. J., DICKERSON, VIRGIN and LIBBEY, JJ., concurred.